In the Matter of the Claim of CHARLES KAPLOWITZ, Respondent, against WHITEHOUSE WET WASH LAUNDRY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 5, 1948.

*John M. Cullen,* attorney for appellants.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum, Theodore M. Schwartz, Assistant Attorneys-General* of counsel), for Workmen's Compensation Board, respondent.

HILL, P. J.   The award against the Special Fund for Reopened Cases should be affirmed.  The Workmen's Compensation Law provides for the correction of an erroneous wage rate and the resultant increase of compensation is in a separate category from the original award of compensation or death benefits. (Workmen's Compensation Law, § 22.)  The section mentioned makes the corrected award effective from the date of the injury. The limitations in sections 25-a and 123 of the Workmen's Compensation Law deal with compensation for disability or death benefits.  Section 25-a limits the retroactive effect " for a period of disability or for death benefits " to two years immediately preceding the date of the filing of an application, but no mention is made of " an erroneous wage rate ".  Upon the hearing in this matter the representative of the special fund admitted that on July 2, 1940, an application had been made concerning the claimant's wage expectancy and that again on August 27th of that year the case was on the calendar for the same purpose.  This award, to which the claimant is entitled in all fairness and equity, should be affirmed.

HEFFERNAN, J. (dissenting).  This is an appeal solely by the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law from an award of the Workmen's Compensation Board in claimant's favor.

The facts are stipulated. On May 4, 1925, claimant, a minor seventeen years of age, sustained accidental injuries to his right arm which injuries arose out of and in the course of his employment.

On March 11, 1926, an award for a 30% loss of use of his arm was made to claimant against his employer and its insurance carrier at the rate of $9.61 per week and the case was closed.

Awards for protracted temporary total disability due to a recurrent sinus condition were subsequently made at the same rate and the case was again closed on March 6, 1933.

In November, 1939, the case was again reopened and appellant was made a party to the proceeding due to the fact that seven years from the date of injury and three years from the date of the last payment of compensation had elapsed. A further award at the original rate was made to claimant against appellant, which the latter paid, for an additional 10% loss of use of his arm and the case was again closed on November 2, 1942.

On August 22, 1946, the case was again reopened. It was then stipulated that claimant was still disabled as a result of his injury and that his wage expectancy rate should be fixed at $19.23 per week based on an average weekly wage of $30. The Workmen's Compensation Board adopted that figure and fixed the expectancy wage rate accordingly pursuant to the provisions of subdivision 5 of section 14 of the Workmen's Compensation Law.

It is undisputed that the weekly wage rate of $9.61 made by the board in the initial award and in all subsequent awards prior to the one under review is erroneous. In determining the amount of the award the provisions of subdivision 5 of section 14 of the statute were ignored. Instead of fixing the sum at $9.61 it should have been fixed at $19.23.

An award was then made in claimant's favor covering a period of total disability from August 15, 1946, to October 9th of the same year at $19.23 per week, which appellant concedes was proper, and which it paid. The board also modified the rate in all prior awards to the stipulated wage expectancy rate of $19.23 and credited appellant with all payments previously made. From that part of the decision which increases the compensation rate for previous awards the appellant has come to this court. The legality of that determination is the only issue before us.

Appellant contends that the board's decision insofar as it modified the wage rate applicable to the prior awards is unlawful and that it violates that portion of subdivision 1 of section 25-a of the Workmen's Compensation Law which reads as follows: " * * * Any award which shall be made against such special fund after the effective date of this act upon such an application for compensation or death benefits shall not be retroactive for a period of disability or for death benefits longer than the two years immediately preceding the date of filing of such application."

The question for decision here is one of first impression. Its solution involves a construction not only of the quoted provisions of section 25-a but also an interpretation of sections 22 and 123 of the Workmen's Compensation Law.

The pertinent provisions of section 22 are: " *Modification of awards, decisions or orders.* Upon its own motion or upon the application of any party in interest, on the ground of a change in conditions or proof of erroneous wage rate, the board may at any time, subject to the limitations set forth in sections twenty-five-a and one hundred and twenty-three of this chapter, review any award, decision or order and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter * * *."

Section 123 prohibits the board from making any award " * * * where application therefor is made after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation." A like prohibition is contained in subdivision 6 of section 25-a.

It seems to us that the phrase " the board may at any time, subject to the limitations set forth in sections twenty-five-a and one hundred and twenty three of this chapter," contained in section 22 relates to the time limit on the board's jurisdiction. If the Legislature had not incorporated that phrase in section 22 then the board would be empowered to modify awards or correct wage rates whenever it saw fit to do so. In other words there would be no time limitation on its jurisdiction in respect to these matters, and consequently the section, with that phrase deleted, would conflict with section 25-a and section 123 which place definite time limitations on the board's jurisdiction.

The quoted sentence from section 25-a became effective on July 1, 1940 (L. 1940, ch. 686). The case before us was last reopened by the board on August 22, 1946, upon medical evidence

showing that claimant was treated for an acute condition of his arm due to the original injury. All the disability periods covered by the present award, with the exception of the last one, extend back more than two years before the final reopening.

The Attorney-General contends that the limitation contained in section 25-a has no application to wage rate and refers only to "death benefits" and "a period of disability." He also asserts, and correctly, we think, that death benefits are not involved and that the periods of disability are not in dispute.

The argument of the Attorney-General, however, is not persuasive. The ultimate effect of the board's decision is to increase the compensation rate beyond the two-year retroactive restriction contained in the statute. In our opinion the jurisdiction of the board to make an award retroactive is restricted to two years prior to the last application to reopen.

The decision of the Workmen's Compensation Board insofar as it modifies the wage rate on all prior awards, except the last one, should be reversed on the law.

BREWSTER and FOSTER, JJ., concur with HILL, P. J.; HEFFERNAN, J., dissents in an opinion in which DEYO, J., concurs.

Decision and award affirmed, with costs to the Workmen's Compensation Board.